IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID JOHN KAISER,
      Plaintiff,

vs.                                Case No. 3:07cv229/LAC/EMT

M. SHIPMAN,
      Defendant.
_____/

## **ORDER, REPORT AND RECOMMENDATION**

This matter is before the court on Defendant's Motion to Accept Belated Amended Special Report and Motion for Permission to File Amended Special Report in Excess of 25 Pages (Docs. 54, 55). Additionally, Plaintiff filed a Notice of Expiration of Time and Motion for Default Judgment (Doc. 56).

On June 24, 2008, this court entered an order directing Defendant to file an amended Special Report on or before June 30, 2008 (Doc. 52). On July 28, 2008, Defendant filed the amended Special Report as well as the instant Motion to Accept Belated Amended Special Report and Motion for Permission to File Amended Special Report in Excess of 25 Pages (Docs. 53, 54, 55). Upon review of the motion to accept the amended Special Report as timely filed, the undersigned concludes that Defendant has shown that the failure to timely file the Special Report was due to excusable neglect, and that good cause has been shown to extend the deadline for filing the Special Report to July 28, 2008. Therefore, Defendant's Motion to Accept Belated Amended Special Report will be granted, as will the Motion for Permission to File Amended Special Report in Excess of 25 Pages.

In Plaintiff's Notice of Expiration of Time and Motion for Default Judgment, filed on July 30, 2008 (*see* Doc. 56 at 3), after Defendant's motions and amended Special Report were filed, Plaintiff seeks a default judgment or sanctions against Defendant's counsel for failure to timely file

the amended Special Report (Doc. 56).  In light the above determination that Defendant has shown

grounds for extending the filing deadline to July 28, 2008, Plaintiff is not entitled to sanctions.

Additionally, Plaintiff has failed to show he is entitled to a default judgment.  In part, Rule

55 provides:

> **(a)    Entering a Default**.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b)    Entering a Default Judgment**.
>
>> **(1)    By the Clerk**.  If  the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .
>>
>> **(2)    By the Court**.  In all other cases the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>>
>>> **(A)** conduct an accounting;
>>> **(B)** determine the amount of damages;
>>> **(C)** establish the truth of any allegation by evidence; or
>>> **(D)** investigate any other matter.
>
> **(c) Setting Aside a Default or a Default Judgment**.  The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Fed. R. Civ. P. 55.  Thus, prior to obtaining a default judgment under either Rule 55(b)(1) by the

clerk or Rule 55(b)(2) by the court, there must be an entry of default as provided in Rule 55(a),

which the clerk is authorized to enter.

In the instant case, all of the necessary elements of default are not present.  In light the above

determination that Defendant has shown grounds for extending the pleading deadline to July 28,

2008, and the pleading was filed on that date, there is no evidence that Defendant failed to plead or

otherwise defend this action.  Accordingly, entry of a default or a default judgment at this time would be improper.

Accordingly, it is **ORDERED**:

Defendant's Motion to Accept Belated Amended Special Report and Motion for Permission to File Amended Special Report in Excess of 25 Pages (Docs. 54, 55) are **GRANTED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's Notice of Expiration of Time and Motion for Default Judgment (Doc. 56) be **DENIED**.

At Pensacola, Florida this 6<u>th</u> day of August 2008.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**